BUSIGÓ, APELADA, *v.* YORDÁN ET AL., DEMANDADOS, MALARET, APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 957.—Resuelto en mayo 29, 1913.

COSTAS — HONORARIOS DE ABOGADO — IMPUGNACIÓN — DEFICIENCIA DEL RÉCORD. — Cuando la impugnación hecha en la corte inferior al cobro de honorarios de abogado como costas se funda exclusivamente en que son excesivos, no puede la parte impugnadora y apelada alegar por primera vez en apelación que del récord no consta que la materia litigiosa excede de $500, ni que la parte que reclama las costas obtuvo sentencia a su favor incluyendo costas, desembolsos y honorarios de abogado, pues dada la forma en que se planteó el debate en la corte inferior, ambos extremos se presumen que fueron aceptados por las partes.

ID.—IMPUGNACIÓN DEL MEMORANDUM—ABOGADO QUE SE REPRESENTA A SÍ MISMO.— Una corte de distrito no tiene jurisdicción para considerar y decidir en un incidente sobre impugnación de memorándum de costas, desembolsos y honorarios de abogado, si un abogado tiene o nó derecho a cobrar de la parte contraria honorarios por su propia defensa, pues tal cuestión debe ser resuelta en la sentencia que pone fin al pleito.

ID.—Honorarios de Abogado—Estimación de su Cuantía.—La cuantía de honorarios de abogado reclamada como costas, no puede resolverse en apelación cuando la corte inferior no ha fijado cuantía ninguna, sino que declaró que un abogado no tiene derecho a cobrar honorarios como costas cuando se defiende a sí mismo.

Los hechos están expresados en la opinión.

El apelante, Augusto Malaret, compareció en nombre propio.

Abogado de Leonor Busigó: *Sr. Herminio Díaz Navarro.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto contra resolución de la Corte de Distrito de Mayagüez, dictada el 24 de enero del corriente año, desestimando en todas sus partes el memorándum de costas y desembolsos presentado por el abogado Don A. Malaret, defensor de sí mismo en el pleito No. 2729 seguido en la expresada corte por *Leonor Busigó Pou* v. *Rosa Yordán y otros* sobre declaración de propiedad y nulidad. En dicho memorándum sólo se consignan partidas relativas a honorarios del abogado Malaret ascendentes en su totalidad a $500.

La transcripción del récord elevada a esta Corte Suprema a los efectos de la apelación se compone de los siguientes documentos: 1. Memorándum de que se deja hecho mérito; 2. Moción impugnando ese memorándum; 3. Resolución de la corte en los términos ya expresados; 4. Escrito de apelación, y 5. Certificación del secretario autenticando los relacionados documentos.

La demandante, Leonor Busigó Pou, impugna el memorándum del Abogado Malaret, no por ser indebidos los honorarios que reclama sino por ser excesiva su cuantía de $500 y la corte en su resolución apelada desestimó el memorándum por entender que la ley no concede honorarios a un abogado que comparece en el pleito representándose a sí mismo.

La argumentación de la parte apelante en su alegato escrito ante esta Corte Suprema tiende a sostener su derecho al cobro de honorarios en su propia defensa y dice que la

corte de Mayagüez fué más allá de lo que le pedía la representación contraria, pues ésta no contradijo el memorándum de honorarios por indebidos sino por excesivos, habiendo pedido únicamente la rebaja de su cuantía. La representación de la parte demandante además de argumentar sobre la procedencia de la resolución apelada, alega que por el récord no es posible venir en conocimiento de si la parte apelante obtuvo a su favor la condena de la otra parte al pago de las costas, desembolsos y honorarios de abogados, ni de si la materia litigiosa reclamada en la demanda excede o nó de $500.

Esa alegación que propiamente afecta a la deficiencia del récord, es inadmisible. Tal como se planteó el debate en la corte inferior, limitado exclusivamente a si los honorarios de Malaret eran excesivos o nó, era de presumirse, aceptado por ambas partes que había recaído sentencia condenando a la demandante al pago de honorarios del abogado o abogados de la parte contraria y que la cuantía litigiosa excedía de $500. A la parte impugnadora incumbía destruir esa presunción, adicionando el récord en la forma correspondiente.

Por lo que toca a la cuestión levantada oficiosamente por la corte inferior acerca de que la ley no concede honorarios a un abogado que comparece en el pleito representándose a sí mismo, opinamos que tal cuestión no puede considerarse y resolverse en el incidente sobre impugnación del memorándum de costas, desembolsos y honorarios, pues si una de las partes en un pleito tiene derecho a que en el caso de que se le concedan las costas se le abone por la parte condenada el importe de los honorarios devengados por su abogado, ese derecho también debe ser declarado en la sentencia condenando expresamente al pago de honorarios, como así lo dijimos al resolver el caso de *Veve* v. *El Municipio de Fajardo,* 18 D. P. R., 764. Al resolver dicho caso expresamos también que en la impugnación del memorándum de costas, desembolsos y honorarios podrá discutirse no el derecho a cobrar las cantidades que dichos conceptos entrañan, cuyo derecho

habrá sido declarado por sentencia, sino la extensión de ese derecho, bien por ser excesivos los honorarios, bien por tratarse de partidas de costas y de desembolsos indebidos o excesivos.

· Haciendo aplicación de dicha doctrina llegamos a la conclusión de que la corte inferior carecía de jurisdicción para considerar y decidir si un abogado tiene o nó derecho a cobrar de la contra parte honorarios por su propia defensa. Esa cuestión debía decidirse en la sentencia que pusiera fin al pleito concediendo o negando tales honorarios, y la resolución podía ser apelada, bien estableciendo el recurso contra esa parte de la sentencia, bien contra la sentencia en su totalidad.

Tampoco esta corte puede hoy decidir si la cuantía de los honorarios del abogado Malaret es excesiva o nó, pues le falta base para ello. La corte inferior no ejerció discreción alguna en el asunto por entender que los honorarios eran indebidos y como carecía de jurisdicción para hacer esa apreciación en el incidente sobre impugnación de costas incurrió en manifiesto error y está por tanto en el deber de considerar la importancia del trabajo y de los conocimientos profesionales empleados por el abogado Malaret en el caso, para llegar a la determinación de la cantidad que deba concedérsele por concepto de honorarios.

Véase el caso de *The Fajardo Development Co.* v. *Sucesión Morfi,* 17 D. P. R., 1120.

Por las razones expuestas debe revocarse la resolución apelada, debiendo la corte inferior dictar la que proceda sobre la impugnación de honorarios del abogado Malaret, sometida a su consideración previo el cumplimiento de los trámites prevenidos por la ley.

*Revocada con instrucciones a la corte inferior para que dicte la resolución que proceda de acuerdo con los principios enunciados en la opinión.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.